SCHMIDT et al. v. KEYSER et al.

KEYSER et al. v. SCHMIDT et al.

(Circuit Court of Appeals, Fifth Circuit. May 31, 1898.)

No. 655.

SHIPPING—DEMURRAGE CESSOR CLAUSE—CONSTRUCTION OF CHARTER PARTY.

A charter provided for demurrage, but a "cessor clause" therein provided that "the charterer's responsibility under this charter shall cease as soon as the cargo is shipped and bills of lading signed, provided all the conditions called for in this charter have been fulfilled or provided for in the bill of lading." The charter also provided that bills of lading should be signed as presented without prejudice to the charter party, but any difference of freight was to be settled on signing the bills of lading. *Held*, that the signing of bills of lading did not operate to release the charterers from liability for demurrage accruing prior to the signing of the bills, from their failure to fulfill the conditions of the charter.

Appeal from the District Court of the United States for the Northern District of Florida.

This was an appeal in a libel in admiralty to recover demurrage. A full statement of the facts in the case will be found in Wood v. Keyser, 84 Fed. 688, and Steamship Co. v. Keyser, Id. 693.

Ben. C. Tunison, for Schmidt & Hansen.
John C. Avery, for Keyser & Co.

Before PARDEE and McCORMICK, Circuit Judges, and PARLANGE, District Judge.

PARLANGE, District Judge, as the organ of the court, said:
The issues in this case are the same as those in Wood v. Keyser (No. 654) 84 Fed. 688, 87 Fed. 1007, and Steamship Co. v. Keyser (No. 653) 84 Fed. 693, 87 Fed. 1005, recently decided by this court, except that in this cause reliance is placed on the "cessor clause" to wholly relieve the charterers from liability. The provisions of the charter party must be construed together. By articles 8, 9, and 10 of the

charter party it is clear that provision was made for demurrage. Article 6 provided that bills of lading should be signed as presented without prejudice to the charter party; but any difference of freight was to be settled on signing the bills of lading. Article 10, the "cessor clause," reads as follows: "The charterer's responsibility under this charter shall cease as soon as the cargo is shipped and bills of lading signed, provided all the conditions called for in this charter have been fulfilled or provided for by bills of lading." The bills of lading stated that all the conditions of the charter had been complied with. It seems plain that, under such bills of lading, no demurrage could be claimed by the consignees or their transferees; and if it be true, as contended, that the signing of the bills of lading operated the release of the charterers from all prior liability, then the shipowners have no recourse. But it is clear that the signing of the bills of lading did not release the charterers. Under the plain terms of the clause relied on, they were to be released on one of two conditions, viz. a full compliance with all the conditions of the charter party, or by making provision in the bills of lading for the shipowners' security. The charterers complied with neither condition.

We notice that Lord Esher, M. R., in Clink v. Radford [1891] 1 Q. B. Div. 625, said that the main rule to be derived from the cases interpreting the "cessor clause" is that the court will construe it as inapplicable to the particular breach complained of if, by construing it otherwise, the shipowners would be left unprotected in respect to that particular breach, unless the clause is expressed in terms which prohibit such a conclusion. In Christoffersen v. Hansen, L. R. 7 Q. B. 509, where the charter party provided that all liability on the part of the charterer should "cease as soon as he shipped the cargo," it was held that the clause applied only to liability accruing after the loading, and did not release the charterer from liability accruing before the completion of the loading. The decree appealed from is affirmed.